```
------------------------------------- x
UNITED STATES OF AMERICA,             :
                                      :
        - against -                   :         17-CR-283(LAP)
                                      :
ISIAH PEREZ,                          :
                                      :
                                      :
                 Defendant.           :
--------------------------------------x
```

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Defendant Isiah Perez's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A).  (Dkt. no. 377.)  For the reasons set out below, the motion is denied.

Background

    Mr. Perez was a member of a violent drug trafficking organization that operated on Davidson Avenue in the Bronx.  The organization sold heroin, crack cocaine, powder cocaine, and marijuana.  Members of the organization used violence and threats of violence to maintain their exclusive territory.  In addition to selling drugs, Mr. Perez possessed a firearm.  (PSR at paragraphs 17-18.)

    In April of 2018, Mr. Perez pleaded guilty to conspiracy to distribute 100 grams and more of heroin in violation of 21 U.S.C. sections 846 and 841(b)(1)(B).  In August of 2018, the Court sentenced Mr. Perez to 63 months incarceration, above the

mandatory minimum for the offense of conviction because of the seriousness of the offense and his history of recidivism.  (See Sentencing Tr. at 16.)

Mr. Perez reports that he has had no disciplinary incidents during his approximately 38 months of incarceration and has taken a variety of courses.  (Dkt. no. 377 at 2.)  He also reports that his release date is November 6, 2021, but that he is due to be released to a halfway house and home confinement on November 10, 2020.  (Id.)

Mr. Perez first filed this motion for compassionate release with the Court on July 15, 2020.  (Dkt. no. 377.)  The Court ordered the Government to respond, which it did on August 6. (Dkt. no. 382.)  When Mr. Perez did not file a reply as ordered to by September 25, (dkt. no. 389), the Court cautioned him that if he did not file a reply, the motion would be considered sub judice, (dkt. no. 378.)  Mr. Perez did not file a reply.

Applicable Law

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act (Pub. L. 115-391), the Court "may not modify a term of imprisonment once it has been imposed except" as provided by statute. As relevant here:

> the court, upon motion of the Director of the Bureau
> of Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative
> rights to appeal a failure of the Bureau of Prisons to
> bring a motion on the defendant's behalf or the lapse
> of 30 days from the receipt of such a request by the
> warden of the defendant's facility, whichever is

2

earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The policy statement, which appears at Section 1B1.13 of the Guidelines, provides that a reduction of sentence is permitted if: "extraordinary and compelling reasons warrant the reduction," U.S.S.G. § 1B1.13(1)(A); "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," id. § 1B1.13(2); and "the reduction is consistent with this policy statement," id. § 1B1.13(3). The Application Notes of § 1B1.13, in turn, describe multiple ways that a defendant can show "extraordinary and compelling reasons," but only one is relevant here:

(A) Medical Condition of the Defendant—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

3

>        (I) suffering from a serious physical or medical
>   condition,
>        (II) suffering from a serious functional or
>   cognitive impairment, or
>        (III) experiencing deteriorating physical or
>   mental health because of the aging process, that
>   substantially diminishes the ability of the defendant
>   to provide self-care within the environment of a
>   correctional facility and from which he or she is not
>   expected to recover.

U.S.S.G. § 1B1.13, Application Note 1.

As the proponent of the motion, Mr. Perez bears the burden of proving that "extraordinary and compelling reasons" exist under the above criteria to justify early release. See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

Discussion

In light of the result, the Court does not reach the question of whether Mr. Perez is required to exhaust his administrative remedies.

Mr. Perez has not demonstrated "extraordinary and compelling circumstances warranting release."  Specifically, he has not demonstrated any terminal illness or any serious physical or medical condition that substantially diminishes his ability to provide self-care in the facility.  Mr. Perez argues that he suffers from a recurring staph infection which, he asserts, makes him "especially susceptible" to contracting COVID-19 and little chance of surviving if he did.  He provides no support

4

for this assertion, and, as the Government points out, (dkt. no. 382 at 7), Mr. Perez does not suffer from any condition listed by the CDC as "high risk."  Indeed, as a 30-year-old, he appears to be in a low risk category for the virus.

In any event, Mr. Perez has made no showing that, if released, he would be at lower risk for contracting the virus, particularly in light of the numerous steps the BOP has taken to minimize the spread of COVID-19.  As the Government points out, (id.), the Bronx, where Mr. Perez proposes to reside, has been particularly hard-hit by the virus.

Finally, Mr. Perez's history of recidivism, which resulted in his above-the-mandatory-minimum sentence, and his prior possession of a firearm in connection with drug trafficking indicates that, if released, he would likely pose a danger to his community.  While the Court congratulates Mr. Perez for his excellent disciplinary record while incarcerated, it cannot ignore his prior, repeated, highly dangerous conduct.

Conclusion

For the reasons set out above, Defendant Isiah Perez's motion for compassionate release, (dkt. no. 377), is denied.

The Clerk of the Court shall mail a copy of this order to Defendant.

SO ORDERED.

Dated:   New York, NY
         October 5, 2020

_____
Loretta A. Preska
Senior United States District Judge